**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 28, 2016

LETTER TO COUNSEL

RE: *Michael Angelo Lamberti v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3107

Dear Counsel:

On October 13, 2015, Plaintiff Michael Angelo Lamberti petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Lamberti's reply. (ECF Nos. 18, 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Lamberti filed his claims for benefits on May 19, 2011, alleging a disability onset date of May 27, 2010. (Tr. 206-19). His claim was denied initially and on reconsideration. (Tr. 129-34, 145-48). A hearing was held on March 25, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 48-64). Following the hearing, the ALJ determined that Mr. Lamberti was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 28-46). The Appeals Council denied Mr. Lamberti's request for review. (Tr. 1-6). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Lamberti suffered from the severe impairments of "arthritis, bipolar disorder, anxiety, depression, and a history of polysubstance abuse." (Tr. 33). Despite these impairments, the ALJ determined that Mr. Lamberti retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant would be limited to work that has a sit/stand option at will. Additionally, the claimant has the ability to understand, remember, and carryout (sic) instructions for simple and routine tasks; make simple decisions occasionally; use judgment to make work related decisions that are simple work related decisions; interact with coworkers, supervisors, and the general public occasionally; deal with changes in a routine work setting in which the changes are

Case 1:15-cv-03107-SAG   Document 21   Filed 09/28/16   Page 2 of 3

*Michael Angelo Lamberti v. Commissioner, Social Security Administration*
Civil No. SAG-15-3107
September 28, 2016
Page 2

> simple work related decisions; perform work that does not require satisfaction of production pace; and perform work at low stress by avoiding productions standards, changes generally, or judgment changes.

(Tr. 35).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lamberti could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 41-42).

On appeal, Mr. Lamberti contends that the ALJ did not engage in a proper analysis of Listing 1.04A.  On this record, I agree that remand is warranted for further analysis.  In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Lamberti was not entitled to benefits was correct or incorrect.

The ALJ's opinion included the following:

> The undersigned has reviewed all the Listing of Impairments particularly the listings in sections 1.02 (major dysfunction of a joint) and 1.04 (disorder of the spine).  The claimant has severe impairments, but the claimant's impairments, combined or separately, have not meet [sic] or equaled any impairment described in the Listing of Impairments at any time relevant to this decision.  The evidence shows that the claimant has received appropriate treatment for his above noted musculoskeletal impairments.  The medical records show that he has been treated with multiple medications, physical therapy, spinal injections, and arthroscopic surgery on his left knee (Exhibit 12F).  His treatment notes show that he reported improvement with his neck and back pain with injections.  Following his knee surgery, his physical therapy records show that he made good progress with treatment.  In January 2014, it was noted that he was guarding his knee, but when he was ambulating and distracted he was able to achieve a full extension of his left knee.

(Tr. 34).  It is clear that the ALJ believed there to be ample evidence to identify and discuss Listings 1.02 and 1.04.  However, after identifying those Listings, the ALJ did not discuss any of the relevant criteria for any of the subsections in either Listing.  The Commissioner argues, quite correctly, that the ALJ's analysis need not be in the "step three" section of the opinion in order for the opinion to be adequate as a whole.  In this case, though, the ALJ does not mention the relevant criteria at any point in the opinion.  For example, as to Listing 1.04A, the ALJ does not determine whether Mr. Lamberti has evidence of nerve root compression, neuro-anatomic distribution of pain, limitation of motion of the spine, or motor loss accompanied by sensory or reflex loss.  The ALJ also did not address the criteria of Listings 1.04B or 1.04C.  The ALJ's general commentary on Mr. Lamberti's back condition and treatments does not suffice to constitute "specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin,* 734 F.3d 288, 291-92 (4th Cir. 2013).  Accordingly, remand is warranted for further analysis that might permit appellate review.

Case 1:15-cv-03107-SAG   Document 21   Filed 09/28/16   Page 3 of 3

*Michael Angelo Lamberti v. Commissioner, Social Security Administration*
Civil No. SAG-15-3107
September 28, 2016
Page 3

It is worth noting, however, that this Court specifically rejects the Commissioner's contention, in this case and in other cases, that Listing 1.04A requires evidence of muscle atrophy. Def. Mem. at 8. The language of the Listing requires evidence of "motor loss (atrophy with associated muscle weakness or muscle weakness)." While the grammatical structure of the Listing is poor, construing the Listing to require "atrophy" in all instances would render the phrase "or muscle weakness" superfluous. Accordingly, basic rules of statutory construction dictate that "motor loss" be defined as either "atrophy with associated muscle weakness" or just "muscle weakness."

For the reasons set forth herein, Mr. Lamberti's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge